

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

———————————————

No. 06-11-00234-CR

———————————————

CHRISTOPHER PREWITT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 10-0194X

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Christopher Prewitt appeals his conviction for two counts of sexual assault. *See* TEX. PENAL CODE ANN. § 22.011 (West 2011). Prewitt pled guilty,[1] without a plea agreement, and signed a written stipulation of the evidence. The trial court found Prewitt guilty and sentenced him to eight years' confinement on both counts, with the sentences to run concurrently.

Prewitt's attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail. He has set up several potential arguments, and then explains in detail why each fails to show a reversible error. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

On February 24, 2012, counsel mailed a copy of the brief to Prewitt informing him of his right to file a pro se response and to review the record. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal. Prewitt has neither filed a pro se response, nor has he requested an extension of time in which to file such response.

---

[1]The trial court admonished Prewitt concerning the range of punishment and sex-offender registration both orally and in writing.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

In a frivolous appeal situation, we are to determine whether the appeal is without merit and is frivolous, and if so, the appeal must be dismissed or affirmed. *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court.[2]

Bailey C. Moseley
Justice

Date Submitted: May 8, 2012
Date Decided: May 9, 2012

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3 (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104, effective Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.